```
 1 │ Kent Khtikian, Esq. (#99843)
   │ Kimberly A. Hancock, Esq. (#205567)
 2 │ Katzenbach and Khtikian
   │ 1714 Stockton Street, Suite 300
 3 │ San Francisco, California  94133-2930
   │ Telephone: (415) 834-1778
 4 │ Facsimile: (415 834-1842
   │ Attorneys for Plaintiffs
 5 │
 6 │
 7 │
 8 │
 9 │              UNITED STATES DISTRICT COURT
10 │              NORTHERN DISTRICT OF CALIFORNIA
11 │
12 │
   │ BRICKLAYERS AND ALLIED CRAFTWORKERS
13 │ LOCAL UNION NO. 3, AFL-CIO;          CV 08      0897
   │ TRUSTEES OF THE NORTHERN CALIFORNIA  )
14 │ TILE INDUSTRY PENSION TRUST; TRUSTEES)
   │ OF THE NORTHERN CALIFORNIA TILE      )
15 │ INDUSTRY HEALTH AND WELFARE TRUST FUND;)
   │ TRUSTEES OF THE NORTHERN CALIFORNIA  ) COMPLAINT FOR BREACH
16 │ TILE INDUSTRY APPRENTICESHIP         ) OF COLLECTIVE
   │ AND TRAINING TRUST FUND;             ) BARGAINING AGREEMENT;
17 │ TILE INDUSTRY PROMOTION FUND         ) RECOVERY OF DELINQUENT
   │ OF NORTHERN CALIFORNIA, INC., a      ) WAGE & FRINGE
18 │ not-for-profit California corporation;) BENEFIT CONTRIBUTIONS;
   │ TILE EMPLOYERS CONTRACT ADMINISTRATION) BOND
19 │ FUND; TRUSTEES OF THE INTERNATIONAL  )
   │ UNION OF BRICKLAYERS AND ALLIED      )
20 │ CRAFTWORKERS PENSION FUND,           )
   │                                      )
21 │      Plaintiffs,                    )
   │                                      )
22 │ vs.                                  ) (Jury Requested)
   │                                      )
23 │ VASSALLO TILE, MARBLE & GRANITE      )
   │ CORP., a California corporation;     )
24 │ AMERICAN CONTRACTORS INDEMNITY       )
   │ COMPANY, a California corporation,   )
25 │                                      )
   │      Defendants.                    )
26 │ _____)
27 │     Plaintiffs, and each of them, complain against the above-
28 │ named Defendants and allege as follows:
```

COMPLAINT

I
# FIRST CLAIM FOR RELIEF
(Delinquent Contributions)
(29 U.S.C. Section 1145)

1. This is an action to collect unpaid contributions to multiemployer benefit plans pursuant to the terms of each plan, its respective trust agreement and a collective bargaining agreement. Jurisdiction of this action is conferred on this Court by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e), and (f) and 1145. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

2. This District is the appropriate venue for this action, pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are administered in this District and the breach took place in this District.

3. Plaintiff, BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO, an affiliate of the International Union Of Bricklayers And Allied Craftsmen, hereinafter the "Union", is and at all times material herein was a labor organization and the collective bargaining representative for persons who are engaged, by VASSALLO as tilelayers and tile finishers in the construction industry in 46 counties in northern California. As such the Union is a employee organization representing employees in an industry affecting commerce, within the meaning of Section 301 of the LMRA, the definitions contained in Sections 2(5), and 501(1) and (3) of the LMRA (29 U.S.C. Sections 152(5), 142(1) & (3)) and 29 U.S.C. Sections 1002(4) and 1003. The Union maintains its principal office for such purpose in Oakland, California.

1      4. Plaintiffs, TRUSTEES OF THE NORTHERN CALIFORNIA TILE
2  INDUSTRY PENSION TRUST (hereinafter the "Pension Trust"),
3  TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND
4  WELFARE TRUST FUND (hereinafter the "Welfare Trust") , TRUSTEES
5  OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND
6  TRAINING TRUST FUND (hereinafter the "Apprentice Trust"), and
7  TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED
8  CRAFTWORKERS PENSION FUND (hereinafter the "International Pension
9  Trust") are trustees and fiduciaries of multiemployer employee
10 benefit plans pursuant to ERISA, 29 U.S.C. Sections 1002(3) and
11 (37) and 1132(d)(1).  The Welfare Trust, the Pension Trust, and
12 Apprentice Trust each has its office in San Francisco,
13 California.  Plaintiffs, TILE INDUSTRY PROMOTION FUND OF NORTHERN
14 CALIFORNIA, INC., a not-for-profit California corporation, and
15 TILE EMPLOYERS CONTRACT ADMINISTRATION FUND is each an express
16 trust fund pursuant to California Civil Code Section 3111
17 established pursuant to collective bargaining agreements, with
18 their office in San Francisco, California.  The plaintiffs
19 identified in this paragraph is hereinafter referred to,
20 individually and collectively, as the "Trusts".
21     5. Defendant VASSALLO TILE, MARBLE & GRANITE CORP.,
22 (hereinafter "VASSALLO") is a California corporation with its
23 place of business in San Jose, California.  From approximately
24 January 1, 2007 to the present, VASSALLO has engaged in the
25 construction industry in California and as such has been an
26 employer engaged in an industry or activity affecting commerce
27 within the meaning of 29 U.S.C. Sections 1002(5) and 1003,
28 Section 301 of the LMRA, and of the definitions contained in

1  Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections
2  152(2), 142(1) & (3)).  VASSALLO is a licensed masonry and tile
3  contractor.
4      6. At all times material herein, the Union has been party to
5  a written collective bargaining agreement with VASSALLO.
6      7. The collective bargaining agreements require that
7  VASSALLO pay various wages and fringe benefits to VASSALLO's
8  employees performing work covered by that agreement.  From
9  January 2007 through at least September 2007, VASSALLO repeatedly
10 acknowledged and affirmed, in writing, that: (i) it is a party to
11 and is bound by all of the terms and conditions of the collective
12 bargaining agreement with the Union;  and (ii) it is bound by the
13 trust agreements associated with those plans to which VASSALLO
14 made contributions.
15     8. Pursuant to the terms of the collective bargaining
16 agreement, VASSALLO agreed to comply with and be bound by the
17 terms of each of the trust agreements under and in accordance
18 with which each of the Trusts was established and is maintained.
19     9. The collective bargaining agreement and the trust
20 agreements all require VASSALLO to report in writing each month
21 to the administrator of the Trusts the total number of hours
22 worked by any person employed by VASSALLO who was employed by
23 VASSALLO to perform work within the jurisdiction of the
24 collective bargaining agreements and to pay the amount required
25 by the collective bargaining agreements for each hour worked in
26 the report period.  The collective bargaining agreements and the
27 trust agreements all require VASSALLO to submit those monthly
28 remittance reports and payments to the administrator of the

1  Trusts by the 10th day of the calendar month first following the
2  calendar month in which the hours were worked (the
3  "report/payment due date").
4      10. For the period from September 1, 2007 to the present
5  VASSALLO has failed to submit the required reports and to pay the
6  required contributions to the Trusts, failed to pay the required
7  vacation payments and failed to pay the required dues check-off
8  payment to the Union, for work performed by persons employed by
9  VASSALLO to perform work under the collective bargaining
10 agreement in an amount which has not yet been determined.  That
11 amount is now owed and due.
12     11. Under the terms of the trust agreements, and by statute,
13 if payments are not made VASSALLO is required to pay liquidated
14 damages on the principal amount due the Pension Trust, the
15 Welfare Trust, the International Pension Trust and the Apprentice
16 Trust equal to twenty percent (20%) of the unpaid monthly
17 contribution, plus attorney's fees, interest and plaintiffs'
18 costs in bringing this action.
19     12. As a consequence of VASSALLO's failure to make timely
20 payments, the Trusts have incurred extraordinary administration
21 costs, attorney's fees, the Trusts have lost the time-value of
22 the payments, and VASSALLO's employees and their dependents have
23 not timely received welfare benefits, all to the loss of
24 plaintiffs.
25     13. Plaintiffs are entitled to payment from VASSALLO of the
26 unpaid principal amounts owed and due, interest thereon,
27 liquidated damages for the past late payments, plaintiff's
28 attorney's fee and costs, penalties and the greater of liquidated

damages of the amount stated in each trust agreement or interest, pursuant to 29 U.S.C. Section 1132(g)(2).

II
SECOND CLAIM FOR RELIEF
(Delinquent Contributions)
(29 U.S.C. Section 1145)

14. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 5 and 7 through 13, inclusive, of this complaint as though fully set forth at this point.

15. In October 2005 the Union and Vassallo Tile And Marble (hereinafter "VT&M") entered into a written collective bargaining agreement. VT&M was a partnership. At all relevant times, Giovanni Vassallo was the qualifying partner in VT&M and Antonio Vassallo was a general partner in VT&M. The collective bargaining agreement required that employers pay various wages and fringe benefits to the employers' employees performing work covered by that agreement. At all times material herein: (i) VT&M was engaged in the construction industry as a tile contractor; and, (ii) VT&M's offices and yard were located at 444 Phelan Avenue, San Jose, California.

16. In about December 2006 Giovanni Vassallo and Antonio Vassallo ceased doing business as VT&M and commenced doing business as VASSALLO. At all times material herein: (i) VASSALLO has been engaged in the construction industry as a tile contractor; and (ii) VASSALLO's offices and yard have been located at 444 Phelan Avenue, San Jose, California. Upon commencing business, VASSALLO employed substantially the same

1  persons that were previously employed by VT&M and used the same
2  equipment and tools as were previously used by VT&M.  Plaintiffs
3  are informed and believe that VASSALLO continues to employ
4  substantially the same persons that were previously employed by
5  VT&M and continues to use the same equipment and tools as were
6  previously used by VT&M.

7      17. From January 2007 through at least September 2007
8  VASSALLO submitted reports to the Trusts of hours worked by its
9  employees performed during the period from January 1, 2007 to
10 August 31, 2007 in work covered by the agreement, made payments
11 to the Trusts for those hours so reported, reported in the manner
12 and paid at the rates required by the collective bargaining
13 agreement, and otherwise conformed in the payment of wages and in
14 all other conditions of employment with the terms of the
15 collective bargaining agreement, and made contributions to the
16 Trusts for hours worked by Giovanni Vassallo, Antonio Vassallo
17 and tile setters and tile finishers employed by VASSALLO, thereby
18 obtaining from the Trusts health insurance, retirement and other
19 benefits for Giovanni Vassallo, Antonio Vassallo and tile setters
20 and tile finishers employed by VASSALLO.  By this conduct
21 VASSALLO adopted the collective bargaining agreement, bound
22 itself to the collective bargaining agreement and assumed the
23 obligations of the collective bargaining agreement including the
24 obligation to make fringe benefit payments to the Trusts.

25     18. At all times material herein, VASSALLO has been and is
26 the successor employer to VT&M.
27 ///
28

III
THIRD CLAIM FOR RELIEF
(Breach of Contract)
(29 U.S.C. Section 185)

19. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 12, inclusive, of this complaint as though fully set forth at this point.

20. This is an action to enforce a collective bargaining agreement, described in paragraphs 6 through 8 of this complaint, pursuant to 29 U.S.C. Section 185. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

21. The Union has duly performed all conditions of the collective bargaining agreement on its part to be performed.

22. Section 84 of the collective bargaining agreement states in relevant part:

> "[o]n or before the tenth day of each month, the Individual Employer shall pay to the various Trust Funds the amounts specified in Appendices A, B, C, D and E, and such further amounts as may be allocated in accordance with Section 67 (Wage and Benefit Package), for each hour worked by each of its employees in the preceding month, or for which such employees became entitled to be paid in the preceding month ...."

23. Section 86 of the collective bargaining agreement states:

> "In the event that it becomes necessary for the Trustees to engage legal counsel or initiate litigation to

recover unpaid contributions or to receive monthly reporting forms, the Individual Employer shall pay, in addition to the principal amount of fringe benefit contributions and liquidated damages, pre-judgment interest at the rate of ten percent (10%) per annum, attorneys' fees, court costs, audit costs and any other costs or expenses incurred by the Trust Funds in connection with such suit, claim or demand."

24. Section 83 of the collective bargaining agreement states that each employer signatory or bound to the agreement agrees to comply with and be bound by the various trust agreements creating and governing the Trusts.

25. Each of the trust agreement described in Section 83 of the collective bargaining agreement provide as follows:

> "If an Employer fails to allow a payroll audit or to make any contribution, liquidated damages, or other payment due to this Fund which was discovered by an audit, the Employer shall become liable for all costs incurred by the Fund in securing the audit or in the collection of those fringe benefit contributions, liquidated damages, interest, and all other items of cost or expense ...."

26. VASSALLO, breached the collective bargaining agreement by failing to pay or to timely pay fringe benefits and wages for the period from September 1, 2007 to the present, in an amount to be determined by proof, all to the detriment and injury of Plaintiffs.

27. For reason of VASSALLO's breach, Plaintiffs are entitled to damages in an amount to be determined by for proof fringe benefits and wages for the period from September 1, 2007 to the present, to liquidated damages calculated at 20% of the amount of the unpaid benefits and wages, interest calculated at 10% per year, penalties, attorney's fees and costs pursuant to the

collective bargaining agreement, the trust agreements incorporated therein to which VASSALLO has agreed to be bound, and California Labor Code Sections 203 and 218.5.

## IV
## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)
### (29 U.S.C. Section 185)

28. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 5, 7 through 13, 15 through 18, and 20 through 27, inclusive, of this complaint as though fully set forth at this point.

## V
## FIFTH CLAIM FOR RELIEF
### (Bond)

29. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 13, 15 through 18, 20 through 28 inclusive, of this complaint as though fully set forth at this point.

30. This is an action pursuant to California Business and Professions Code section 7071.11 to recover unpaid wages from sureties on contractors' bonds.

31. The Union brings this action on behalf of itself and as agent for its members (hereinafter collectively referred to as "Mason Employees"), all of whom were employed by the insured, VASSALLO, to perform work under the collective bargaining agreement between VASSALLO and the Union.

32. Defendant AMERICAN CONTRACTORS INDEMNITY COMPANY, (hereinafter "American") is a California corporation doing business in San Mateo County, California. American is engaged in the insurance and surety business and issues contractor's license

bonds in California.

33. Pursuant to California Business and Professions Code section 7071.6, VASSALLO obtained a contractor's bond underwritten by American. The bond underwritten by American was designated as bond number 100020504 and in effect from March 23, 2007 to the present (hereinafter referred to as the "American Bond").

34. American Bond indemnifies persons employed by VASSALLO for the failure by VASSALLO to pay wages due for work performed during the effective period of the bond.

35. During the period from September 1, 2007 to the present VASSALLO failed to pay its employees full wages and fringe benefits as required by the collective bargaining agreement. Said sum is due from defendant American.

36. Demand has been made for payment, but VASSALLO has refused and continue to refuse to pay the sums owed.

37. Plaintiffs have incurred and are entitled to recover attorney's fees and costs, interest, and penalties, pursuant to the collective bargaining agreement, and California Labor Code sections 203 and 218.5.

**WHEREFORE, plaintiffs pray as follows:**

**I.   First And Second Claims For Relief**

For judgment against Defendant VASSALLO TILE, MARBLE & GRANITE CORP., as follows:

   a. for unpaid fringe benefits and wages, according to proof, for hours worked during the period from September 1, 2007 to the present; plus

COMPLAINT

11

```
 1            b. for liquidated damages calculated at 20% of the
 2      amount described in paragraph I(a) of this Prayer; plus
 3            c. for interest on all amounts described in paragraph
 4      I(a) of this Prayer at the legal rate calculated from
 5      October 10, 2007; plus
 6            d. for interest on all amounts described in paragraph
 7      I(b) of this Prayer at the legal rate calculated from the
 8      due date until paid; plus
 9            e. for plaintiffs' attorney's fees and costs in an
10      amount in excess of $5,000.00;
11      all pursuant to the agreements between plaintiffs and
12      defendant, 29 U.S.C. Section 1132(g)(2), Labor Code Section
13      218.5 and any other statute so providing, all according to
14      proof.
```

**II. Third And Fourth Claims For Relief**

```
16           For judgment against Defendant VASSALLO TILE, MARBLE &
17      GRANITE CORP., as follows:
18            a. for fringe benefits and wages for the period from
19      September 1, 2007 to the present, according to proof; plus;
20            b. for liquidated damages calculated at 20% of the
21      amount described in paragraph II(a) of this Prayer, interest
22      at the legal rate, penalties, attorney's fees and costs
23      pursuant to the collective bargaining agreement, the trust
24      agreements incorporated therein to which Defendant has
25      agreed to be bound, and California Labor Code Sections 203
26      and 218.5,
27      all according to proof.
```

**III. Fifth Claim For Relief**

```
 1        For judgment against American Contractors Indemnity Company
 2   as follows:
 3            a. for at least $4,000.00 plus interest thereon at the
 4        legal rate; plus,
 5            b. for plaintiffs' attorney's fees and costs, pursuant
 6        to Labor Code section 218.5, all according to proof;
```

**IV. On each and every cause of action:**

For such other damages, equitable and other relief as the court deems proper.

Plaintiffs hereby request a jury trial pursuant to FRCivP (b).

Dated: February 8, 2008                    _____
                                           W. KENT KHTIKIAN
                                           Attorney for Plaintiffs

§ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Bricklayers and Allied Craftworkers Local Union No. 3, AFL-CIO, et al.

## DEFENDANTS
Vassallo Tile, Marble & Granite Corp., a California corporation; American Contractors Indemnity Company, a California corporation.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Santa Clara
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kent Khtikian
1714 Stockton Street #300
San Francisco, CA 94133
(415)834-1778

Attorneys (If Known)

E-filing
BZ
ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury— Med. Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury |  | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits |  |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  |  |  | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation |  | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities – Other | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1132

Brief description of cause:
Action to recover delinquent fringe benefit contributions pursuant to ERISA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE  2/08/2008

SIGNATURE OF ATTORNEY OF RECORD