```
 1  Kent Khtikian, Esq. (#99843)
    Kimberly A. Hancock, Esq. (#205567)
 2  Katzenbach and Khtikian
    1714 Stockton Street, Suite 300
 3  San Francisco, California  94133-2930
    Telephone: (415) 834-1778
 4  Facsimile: (415 834-1842
    Attorneys for Plaintiffs
 5
 6
 7
 8
 9                 UNITED STATES DISTRICT COURT
10                 NORTHERN DISTRICT OF CALIFORNIA
11
12
    BRICKLAYERS AND ALLIED CRAFTWORKERS    )
13  LOCAL UNION NO. 3, AFL-CIO;             )
    TRUSTEES OF THE NORTHERN CALIFORNIA     )
14  TILE INDUSTRY PENSION TRUST; TRUSTEES   )
    OF THE NORTHERN CALIFORNIA TILE         )
15  INDUSTRY HEALTH AND WELFARE TRUST FUND;)
    TRUSTEES OF THE NORTHERN CALIFORNIA     ) COMPLAINT FOR BREACH
16  TILE INDUSTRY APPRENTICESHIP            ) OF COLLECTIVE
    AND TRAINING TRUST FUND;                ) BARGAINING AGREEMENT;
17  TILE INDUSTRY PROMOTION FUND            ) RECOVERY OF DELINQUENT
    OF NORTHERN CALIFORNIA, INC., a         ) WAGE & FRINGE
18  not-for-profit California corporation; ) BENEFIT CONTRIBUTIONS;
    TILE EMPLOYERS CONTRACT ADMINISTRATION ) BOND
19  FUND; TRUSTEES OF THE INTERNATIONAL     )
    UNION OF BRICKLAYERS AND ALLIED         )
20  CRAFTWORKERS PENSION FUND,              )
                                            )
21       Plaintiffs,                        )
                                            )
22  vs.                                     ) (Jury Requested)
                                            )
23  VASSALLO TILE, MARBLE & GRANITE         )
    CORP., a California corporation;        )
24  AMERICAN CONTRACTORS INDEMNITY          )
    COMPANY, a California corporation,      )
25                                          )
         Defendants.                        )
26  _____)

27       Plaintiffs, and each of them, complain against the above-
28  named Defendants and allege as follows:
```

COMPLAINT

I
FIRST CLAIM FOR RELIEF
(Delinquent Contributions)
(29 U.S.C. Section 1145)

1. This is an action to collect unpaid contributions to multiemployer benefit plans pursuant to the terms of each plan, its respective trust agreement and a collective bargaining agreement. Jurisdiction of this action is conferred on this Court by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e), and (f) and 1145. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

2. This District is the appropriate venue for this action, pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are administered in this District and the breach took place in this District.

3. Plaintiff, BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO, an affiliate of the International Union Of Bricklayers And Allied Craftsmen, hereinafter the "Union", is and at all times material herein was a labor organization and the collective bargaining representative for persons who are engaged, by VASSALLO as tilelayers and tile finishers in the construction industry in 46 counties in northern California. As such the Union is a employee organization representing employees in an industry affecting commerce, within the meaning of Section 301 of the LMRA, the definitions contained in Sections 2(5), and 501(1) and (3) of the LMRA (29 U.S.C. Sections 152(5), 142(1) & (3)) and 29 U.S.C. Sections 1002(4) and 1003. The Union maintains its principal office for such purpose in Oakland, California.

1  4. Plaintiffs, TRUSTEES OF THE NORTHERN CALIFORNIA TILE
2  INDUSTRY PENSION TRUST (hereinafter the "Pension Trust"),
3  TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND
4  WELFARE TRUST FUND (hereinafter the "Welfare Trust") , TRUSTEES
5  OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND
6  TRAINING TRUST FUND (hereinafter the "Apprentice Trust"), and
7  TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED
8  CRAFTWORKERS PENSION FUND (hereinafter the "International Pension
9  Trust") are trustees and fiduciaries of multiemployer employee
10 benefit plans pursuant to ERISA, 29 U.S.C. Sections 1002(3) and
11 (37) and 1132(d)(1).  The Welfare Trust, the Pension Trust, and
12 Apprentice Trust each has its office in San Francisco,
13 California.  Plaintiffs, TILE INDUSTRY PROMOTION FUND OF NORTHERN
14 CALIFORNIA, INC., a not-for-profit California corporation, and
15 TILE EMPLOYERS CONTRACT ADMINISTRATION FUND is each an express
16 trust fund pursuant to California Civil Code Section 3111
17 established pursuant to collective bargaining agreements, with
18 their office in San Francisco, California.  The plaintiffs
19 identified in this paragraph is hereinafter referred to,
20 individually and collectively, as the "Trusts".
21     5. Defendant VASSALLO TILE, MARBLE & GRANITE CORP.,
22 (hereinafter "VASSALLO") is a California corporation with its
23 place of business in San Jose, California.  From approximately
24 January 1, 2007 to the present, VASSALLO has engaged in the
25 construction industry in California and as such has been an
26 employer engaged in an industry or activity affecting commerce
27 within the meaning of 29 U.S.C. Sections 1002(5) and 1003,
28 Section 301 of the LMRA, and of the definitions contained in

1  Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections
2  152(2), 142(1) & (3)).  VASSALLO is a licensed masonry and tile
3  contractor.
4      6. At all times material herein, the Union has been party to
5  a written collective bargaining agreement with VASSALLO.
6      7. The collective bargaining agreements require that
7  VASSALLO pay various wages and fringe benefits to VASSALLO's
8  employees performing work covered by that agreement.  From
9  January 2007 through at least September 2007, VASSALLO repeatedly
10 acknowledged and affirmed, in writing, that: (i) it is a party to
11 and is bound by all of the terms and conditions of the collective
12 bargaining agreement with the Union;  and (ii) it is bound by the
13 trust agreements associated with those plans to which VASSALLO
14 made contributions.
15     8. Pursuant to the terms of the collective bargaining
16 agreement, VASSALLO agreed to comply with and be bound by the
17 terms of each of the trust agreements under and in accordance
18 with which each of the Trusts was established and is maintained.
19     9. The collective bargaining agreement and the trust
20 agreements all require VASSALLO to report in writing each month
21 to the administrator of the Trusts the total number of hours
22 worked by any person employed by VASSALLO who was employed by
23 VASSALLO to perform work within the jurisdiction of the
24 collective bargaining agreements and to pay the amount required
25 by the collective bargaining agreements for each hour worked in
26 the report period.  The collective bargaining agreements and the
27 trust agreements all require VASSALLO to submit those monthly
28 remittance reports and payments to the administrator of the

1  Trusts by the 10th day of the calendar month first following the
2  calendar month in which the hours were worked (the
3  "report/payment due date").
4      10. For the period from September 1, 2007 to the present
5  VASSALLO has failed to submit the required reports and to pay the
6  required contributions to the Trusts, failed to pay the required
7  vacation payments and failed to pay the required dues check-off
8  payment to the Union, for work performed by persons employed by
9  VASSALLO to perform work under the collective bargaining
10 agreement in an amount which has not yet been determined.  That
11 amount is now owed and due.
12     11. Under the terms of the trust agreements, and by statute,
13 if payments are not made VASSALLO is required to pay liquidated
14 damages on the principal amount due the Pension Trust, the
15 Welfare Trust, the International Pension Trust and the Apprentice
16 Trust equal to twenty percent (20%) of the unpaid monthly
17 contribution, plus attorney's fees, interest and plaintiffs'
18 costs in bringing this action.
19     12. As a consequence of VASSALLO's failure to make timely
20 payments, the Trusts have incurred extraordinary administration
21 costs, attorney's fees, the Trusts have lost the time-value of
22 the payments, and VASSALLO's employees and their dependents have
23 not timely received welfare benefits, all to the loss of
24 plaintiffs.
25     13. Plaintiffs are entitled to payment from VASSALLO of the
26 unpaid principal amounts owed and due, interest thereon,
27 liquidated damages for the past late payments, plaintiff's
28 attorney's fee and costs, penalties and the greater of liquidated

damages of the amount stated in each trust agreement or interest, pursuant to 29 U.S.C. Section 1132(g)(2).

II
SECOND CLAIM FOR RELIEF
(Delinquent Contributions)
(29 U.S.C. Section 1145)

14. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 5 and 7 through 13, inclusive, of this complaint as though fully set forth at this point.

15. In October 2005 the Union and Vassallo Tile And Marble (hereinafter "VT&M") entered into a written collective bargaining agreement.  VT&M was a partnership.  At all relevant times, Giovanni Vassallo was the qualifying partner in VT&M and Antonio Vassallo was a general partner in VT&M.  The collective bargaining agreement required that employers pay various wages and fringe benefits to the employers' employees performing work covered by that agreement. At all times material herein: (i) VT&M was engaged in the construction industry as a tile contractor; and, (ii) VT&M's offices and yard were located at 444 Phelan Avenue, San Jose, California.

16. In about December 2006 Giovanni Vassallo and Antonio Vassallo ceased doing business as VT&M and commenced doing business as VASSALLO. At all times material herein: (i) VASSALLO has been engaged in the construction industry as a tile contractor; and (ii) VASSALLO's offices and yard have been located at 444 Phelan Avenue, San Jose, California. Upon commencing business, VASSALLO employed substantially the same

1  persons that were previously employed by VT&M and used the same
2  equipment and tools as were previously used by VT&M.  Plaintiffs
3  are informed and believe that VASSALLO continues to employ
4  substantially the same persons that were previously employed by
5  VT&M and continues to use the same equipment and tools as were
6  previously used by VT&M.
7      17. From January 2007 through at least September 2007
8  VASSALLO submitted reports to the Trusts of hours worked by its
9  employees performed during the period from January 1, 2007 to
10 August 31, 2007 in work covered by the agreement, made payments
11 to the Trusts for those hours so reported, reported in the manner
12 and paid at the rates required by the collective bargaining
13 agreement, and otherwise conformed in the payment of wages and in
14 all other conditions of employment with the terms of the
15 collective bargaining agreement, and made contributions to the
16 Trusts for hours worked by Giovanni Vassallo, Antonio Vassallo
17 and tile setters and tile finishers employed by VASSALLO, thereby
18 obtaining from the Trusts health insurance, retirement and other
19 benefits for Giovanni Vassallo, Antonio Vassallo and tile setters
20 and tile finishers employed by VASSALLO.  By this conduct
21 VASSALLO adopted the collective bargaining agreement, bound
22 itself to the collective bargaining agreement and assumed the
23 obligations of the collective bargaining agreement including the
24 obligation to make fringe benefit payments to the Trusts.
25      18. At all times material herein, VASSALLO has been and is
26 the successor employer to VT&M.
27 ///
28

III
THIRD CLAIM FOR RELIEF
(Breach of Contract)
(29 U.S.C. Section 185)

19. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 12, inclusive, of this complaint as though fully set forth at this point.

20. This is an action to enforce a collective bargaining agreement, described in paragraphs 6 through 8 of this complaint, pursuant to 29 U.S.C. Section 185.  Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

21. The Union has duly performed all conditions of the collective bargaining agreement on its part to be performed.

22. Section 84 of the collective bargaining agreement states in relevant part:

> "[o]n or before the tenth day of each month, the Individual Employer shall pay to the various Trust Funds the amounts specified in Appendices A, B, C, D and E, and such further amounts as may be allocated in accordance with Section 67 (Wage and Benefit Package), for each hour worked by each of its employees in the preceding month, or for which such employees became entitled to be paid in the preceding month ...."

23. Section 86 of the collective bargaining agreement states:

> "In the event that it becomes necessary for the Trustees to engage legal counsel or initiate litigation to

1    recover unpaid contributions or to receive monthly reporting
2    forms, the Individual Employer shall pay, in addition to the
3    principal amount of fringe benefit contributions and
4    liquidated damages, pre-judgment interest at the rate of ten
5    percent (10%) per annum, attorneys' fees, court costs, audit
6    costs and any other costs or expenses incurred by the Trust
7    Funds in connection with such suit, claim or demand."

8. 24. Section 83 of the collective bargaining agreement states that each employer signatory or bound to the agreement agrees to comply with and be bound by the various trust agreements creating and governing the Trusts.

12. 25. Each of the trust agreement described in Section 83 of the collective bargaining agreement provide as follows:

"If an Employer fails to allow a payroll audit or to make any contribution, liquidated damages, or other payment due to this Fund which was discovered by an audit, the Employer shall become liable for all costs incurred by the Fund in securing the audit or in the collection of those fringe benefit contributions, liquidated damages, interest, and all other items of cost or expense ...."

26. VASSALLO, breached the collective bargaining agreement by failing to pay or to timely pay fringe benefits and wages for the period from September 1, 2007 to the present, in an amount to be determined by proof, all to the detriment and injury of Plaintiffs.

27. For reason of VASSALLO's breach, Plaintiffs are entitled to damages in an amount to be determined by for proof fringe benefits and wages for the period from September 1, 2007 to the present, to liquidated damages calculated at 20% of the amount of the unpaid benefits and wages, interest calculated at 10% per year, penalties, attorney's fees and costs pursuant to the

collective bargaining agreement, the trust agreements incorporated therein to which VASSALLO has agreed to be bound, and California Labor Code Sections 203 and 218.5.

## IV
## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)
### (29 U.S.C. Section 185)

28. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 5, 7 through 13, 15 through 18, and 20 through 27, inclusive, of this complaint as though fully set forth at this point.

## V
## FIFTH CLAIM FOR RELIEF
### (Bond)

29. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 13, 15 through 18, 20 through 28 inclusive, of this complaint as though fully set forth at this point.

30. This is an action pursuant to California Business and Professions Code section 7071.11 to recover unpaid wages from sureties on contractors' bonds.

31. The Union brings this action on behalf of itself and as agent for its members (hereinafter collectively referred to as "Mason Employees"), all of whom were employed by the insured, VASSALLO, to perform work under the collective bargaining agreement between VASSALLO and the Union.

32. Defendant AMERICAN CONTRACTORS INDEMNITY COMPANY, (hereinafter "American") is a California corporation doing business in San Mateo County, California.  American is engaged in the insurance and surety business and issues contractor's license

1  bonds in California.

2  33. Pursuant to California Business and Professions Code
3  section 7071.6, VASSALLO obtained a contractor's bond
4  underwritten by American.  The bond underwritten by American was
5  designated as bond number 100020504 and in effect from March 23,
6  2007 to the present (hereinafter referred to as the "American
7  Bond").

8  34. American Bond indemnifies persons employed by VASSALLO
9  for the failure by VASSALLO to pay wages due for work performed
10 during the effective period of the bond.

11 35. During the period from September 1, 2007 to the present
12 VASSALLO failed to pay its employees full wages and fringe
13 benefits as required by the collective bargaining agreement.
14 Said sum is due from defendant American.

15 36. Demand has been made for payment, but VASSALLO has
16 refused and continue to refuse to pay the sums owed.

17 37. Plaintiffs have incurred and are entitled to recover
18 attorney's fees and costs, interest, and penalties, pursuant to
19 the collective bargaining agreement, and California Labor Code
20 sections 203 and 218.5.

**WHEREFORE, plaintiffs pray as follows:**

**I.  First And Second Claims For Relief**

For judgment against Defendant VASSALLO TILE, MARBLE & GRANITE CORP., as follows:

   a. for unpaid fringe benefits and wages, according to proof, for hours worked during the period from September 1, 2007 to the present; plus

|  |  |
|---|---|
| 1 | b. for liquidated damages calculated at 20% of the |
| 2 | amount described in paragraph I(a) of this Prayer; plus |
| 3 | c. for interest on all amounts described in paragraph |
| 4 | I(a) of this Prayer at the legal rate calculated from |
| 5 | October 10, 2007; plus |
| 6 | d. for interest on all amounts described in paragraph |
| 7 | I(b) of this Prayer at the legal rate calculated from the |
| 8 | due date until paid; plus |
| 9 | e. for plaintiffs' attorney's fees and costs in an |
| 10 | amount in excess of $5,000.00; |
| 11 | all pursuant to the agreements between plaintiffs and |
| 12 | defendant, 29 U.S.C. Section 1132(g)(2), Labor Code Section |
| 13 | 218.5 and any other statute so providing, all according to |
| 14 | proof. |
| 15 | **II. Third And Fourth Claims For Relief** |
| 16 | For judgment against Defendant VASSALLO TILE, MARBLE & |
| 17 | GRANITE CORP., as follows: |
| 18 | a. for fringe benefits and wages for the period from |
| 19 | September 1, 2007 to the present, according to proof; plus; |
| 20 | b. for liquidated damages calculated at 20% of the |
| 21 | amount described in paragraph II(a) of this Prayer, interest |
| 22 | at the legal rate, penalties, attorney's fees and costs |
| 23 | pursuant to the collective bargaining agreement, the trust |
| 24 | agreements incorporated therein to which Defendant has |
| 25 | agreed to be bound, and California Labor Code Sections 203 |
| 26 | and 218.5, |
| 27 | all according to proof. |
| 28 | **III. Fifth Claim For Relief** |

```
 1      For judgment against American Contractors Indemnity Company
 2  as follows:
 3          a. for at least $4,000.00 plus interest thereon at the
 4      legal rate; plus,
 5          b. for plaintiffs' attorney's fees and costs, pursuant
 6      to Labor Code section 218.5, all according to proof;
```

**IV. On each and every cause of action:**

```
 8      For such other damages, equitable and other relief as the
 9  court deems proper.
10      Plaintiffs hereby request a jury trial pursuant to FRCivP
11  (b).
12
13  Dated: February 8, 2008         _____
                                           W. KENT KHTIKIAN
14                                      Attorney for Plaintiffs
```

COMPLAINT

13