1  DIEMER, WHITMAN & CARDOSI, LLP
   KATHRYN S. DIEMER, #133977
2  JUDITH L. WHITMAN, #103385
   75 East Santa Clara Street, Suite 290
3  San Jose, California   95113
   Telephone:   (408) 971-6270
4  Facsimile: (408) 971-6271

5  ATTORNEYS FOR Defendants,
   VASSALLO TILE, MARBLE & GRANITE CORP.
6  and AMERICAN CONTRACTORS INDEMNITY COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA
                        San Francisco Division
10

11
   BRICKLAYERS AND ALLIED            )    Case No. CV 08 0897 BZ
12 CRAFTWORKERS LOCAL UNION          )
   NO. 3, AFL-CIO, et al.,           )
13                                   )    **ANSWER TO COMPLAINT**
                      Plaintiffs,    )
14 vs.                               )
                                     )
15 VASSALLO TILE, MARBLE &           )
   GRANITE CORP., et al.,            )
16                                   )
                      Defendants.    )
17 _____ )

18
        Defendants, VASSALLO TILE, MARBLE & GRANITE CORP. and AMERICAN
19
   CONTRACTORS INDEMNITY COMPANY, (hereinafter collectively referred to as
20
   "Defendant") respond to the complaint filed by the BRICKLAYERS AND ALLIED
21
   CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO, et al. (Hereinafter "Plaintiffs") as
22
   follows:
23
   1.    Defendant admits the allegations of Paragraph 1 of the complaint.
24
   2.    Defendant admits the allegations of Paragraph 2 of the complaint.
25
   3.    Defendant is without sufficient information or belief to admit or deny the allegations of
26
   Paragraph 3 of the complaint and, for that reason, Defendant denies, generally and specifically,
27
   each and every allegation contained therein.
28
   4.    Defendant is without sufficient information or belief to admit or deny the allegations of

---
                                        1
                              ANSWER TO COMPLAINT

1   Paragraph 4 of the complaint and, for that reason, Defendant denies, generally and specifically,

2   each and every allegation contained therein.

3   5.    Defendant admits it is a California corporation with its place of business in San Jose,

4   California and that it is a licensed masonry and tile contractor.  Defendant is without sufficient

5   information or belief to admit or deny the remaining allegations of Paragraph 5 of the complaint

6   and, for that reason, Defendant denies, generally and specifically, each and every remaining

7   allegation contained therein.

8   6.    Defendant admits the allegations of Paragraph 6 of the complaint.

9   7.    Defendant admits the collective bargaining agreement required it to pay certain wage and

10  fringe benefits to the employees covered by the agreement.  Defendant does not recall

11  performing the acts alleged in the remaining allegations of Paragraph 7 of the complaint and is

12  therefore without sufficient information or belief to admit or deny the remaining allegations of

13  Paragraph 7 of the complaint.  For that reason, Defendant denies, generally and specifically, each

14  and every remaining allegation contained therein.

15  8.    Defendant admits the allegations of Paragraph 8 of the complaint.

16  9.    Defendant admits the allegations of Paragraph 9 of the complaint.

17  10.   Defendant admits it is past due in submitting the required reports and paying the required

18  payments to the Trusts.

19  11.   Defendant is without sufficient information or belief to admit or deny the allegations of

20  Paragraph 11 of the complaint and, for that reason, Defendant denies, generally and specifically,

21  each and every allegation contained therein.

22  12.   Defendant is without sufficient information or belief to admit or deny the allegations of

23  Paragraph 12 of the complaint and, for that reason, Defendant denies, generally and specifically,

24  each and every allegation contained therein.

25  13.   Defendant is without sufficient information or belief to admit or deny the allegations of

26  Paragraph 13 of the complaint and, for that reason, Defendant denies, generally and specifically,

27  each and every allegation contained therein.

28  14.   In response to Paragraph 14 of the complaint, Defendant incorporates by reference each and

1  every admission, each and every denial, and each and every denial on the basis of lack of

2  information or knowledge contained in its answers to Paragraphs 1 through 5 and 7 through 13

3  of the complaint, to the same extent that Paragraph 14 of the complaint realleges and

4  incorporates the allegations of Paragraphs 1 through 7 and 7 through 13 of the complaint.

5  15.    Defendant admits the allegations of Paragraph 15 of the complaint.

6  16.    Defendant admits the allegations of Paragraph 16 of the complaint.

7  17.    Defendant admits the allegations set forth in the first sentence of Paragraph 17 of the

8  complaint.  Defendant is without sufficient information or belief to admit or deny the remaining

9  allegations of Paragraph 17 of the complaint and, for that reason, Defendant denies, generally

10  and specifically, each and every remaining allegation contained therein.

11  18.    Defendant is without sufficient information or belief as to Plaintiff's use and definition of

12  the phrase "successor employer" to admit or deny the allegations of Paragraph 18 of the

13  complaint and, for that reason, Defendant denies, generally and specifically, each and every

14  allegation contained therein.

15  19.    In response to Paragraph 19 of the complaint, Defendant incorporates by reference each and

16  every admission, each and every denial, and each and every denial on the basis of lack of

17  information or knowledge contained in its answers to Paragraphs 2 through 12 of the complaint,

18  to the same extent that Paragraph 19 of the complaint realleges and incorporates the allegations

19  of Paragraphs 2 through 12 of the complaint.

20  20.    Defendant admits the allegations of Paragraph 20 of the complaint.

21  21.    Defendant is currently without sufficient information or belief to admit or deny the

22  allegations of Paragraph 21 of the complaint and, for that reason, Defendant denies, generally

23  and specifically, each and every allegation contained therein.

24  22.    Defendant is without sufficient information or belief to admit or deny the allegations of

25  Paragraph 22 of the complaint and, for that reason, Defendant denies, generally and specifically,

26  each and every allegation contained therein.

27  23.    Defendant is without sufficient information or belief to admit or deny the allegations of

28  Paragraph 23 of the complaint and, for that reason, Defendant denies, generally and specifically,

ANSWER TO COMPLAINT

1  each and every allegation contained therein.

2  24.  Defendant is without sufficient information or belief to admit or deny the allegations of

3  Paragraph 24 of the complaint and, for that reason, Defendant denies, generally and specifically,

4  each and every allegation contained therein.

5  25.  Defendant is without sufficient information or belief to admit or deny the allegations of

6  Paragraph 25 of the complaint and, for that reason, Defendant denies, generally and specifically,

7  each and every allegation contained therein.

8  26.  Defendant admits it is past due in paying the fringe benefit and wage payments required by

9  the collective bargaining agreement.

10  27.  Defendant is without sufficient information or belief to admit or deny the allegations of

11  Paragraph 27 of the complaint and, for that reason, Defendant denies, generally and specifically,

12  each and every allegation contained therein.

13  28.  In response to Paragraph 28 of the complaint, Defendant incorporates by reference each and

14  every admission, each and every denial, and each and every denial on the basis of lack of

15  information or knowledge contained in its answers to Paragraphs 2 through 5, 7 through 13, 15

16  through 18 and 20 through 27 of the complaint, to the same extent that Paragraph 28 of the

17  complaint realleges and incorporates the allegations of Paragraphs 2 through 5, 7 through 13, 15

18  through 18 and 20 through 27 of the complaint.

19  29.  In response to Paragraph 29 of the complaint, Defendant incorporates by reference each and

20  every admission, each and every denial, and each and every denial on the basis of lack of

21  information or knowledge contained in its answers to Paragraphs 2 through 13, 15 through 18,

22  and 20 through 28  of the complaint, to the same extent that Paragraph 29 of the complaint

23  realleges and incorporates the allegations of Paragraphs 2 through 13, 15 through 18, and 20

24  through 28 of the complaint.

25  30.  Defendant admits the allegations of Paragraph 30 of the complaint.

26  31.  Defendant admits the allegations of Paragraph 31 of the complaint.

27  32.  Defendant admits the allegations of Paragraph 32 of the complaint.

28  33.  Defendant admits the allegations of Paragraph 33 of the complaint.

34.   Defendant admits the allegations of Paragraph 34 of the complaint.

35.   Defendant VASSALLO admits it is past due on payment of certain fringe benefits. Defendant VASSALLO denies it is past due on payment of wages.

36.   Defendant admits demand for payment has been made.  Defendant denies it has refused to pay the sums owed.

37.   Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 37 of the complaint and, for that reason, Defendant denies, generally and specifically, each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1.   As and for a separate and distinct affirmative defense, defendant alleges that the complaint, and any and all causes of action, contentions and/or allegations contained therein, fails to set forth facts and allegations sufficient to constitute a cause of action against this answering defendant.

2.   As and for a separate and distinct affirmative defense, defendant is informed and believes and thereon alleges that the damages, if any, sustained herein were the result of the direct fault and/or responsibility of persons, corporations, or entities other than this answering defendant, and the acts, omissions, or liability of such were the sole proximate cause of the alleged damages, if any, in this action.

3.   As and for a separate and distinct affirmative defense, defendant alleges that  the complaint, and each cause of action thereof, is barred by the provisions of Section 1 of Article XV of the California Constitution.

4.   As and for a separate and distinct affirmative defense, defendant alleges that plaintiff has failed to mitigate its damages, if any, and accordingly, is not entitled to the relief sought in the complaint.

5.   As and for a separate and distinct affirmative defense, defendant alleges that the complaint, and each cause of action thereof, is barred by the provisions of California Civil Code Section 1473.

6.   As and for a separate and distinct affirmative defense, defendant alleges that the complaint,

1    and each cause of action thereof, is barred by the equitable doctrine of laches.

2    7.    As and for a separate and distinct affirmative defense, defendant alleges that the complaint,

3    and each cause of action thereof, is barred by the equitable doctrine of estoppel.

4    8.    As and for a separate and distinct affirmative defense, defendant alleges that the complaint

5    is barred by the applicable statute of limitations contained in California Code of Civil Procedure

6    sections 337, 337a, 339, 340, and 343 among others.

7    9.    As and for a separate and distinct affirmative defense, defendant alleges that the conduct of

8    this answering defendant in regard to the matters alleged in the complaint was justified, and by

9    reason of the foregoing, plaintiff is barred from any recovery against this answering defendant.

10    10.    As and for a separate and distinct affirmative defense, defendant alleges that this answering

11    defendant has appropriately, completely, and fully performed and discharged any and all

12    obligations and legal duties arising out of the matters alleged in the complaint.

13    11.    As and for a separate and distinct affirmative defense, defendant alleges that the complaint

14    and each cause of action thereof is barred by a failure and/or lack of consideration and plaintiff

15    cannot state a cause of action thereunder.

16    12.    As and for a separate and distinct affirmative defense, defendant alleges that the complaint

17    and each cause of action based on or arising from alleged oral agreements, representations, or

18    statements is barred by the applicable statute of frauds, including, but no limited to California

19    Civil Code section 1624.

20    13.    As and for a separate and distinct affirmative defense, defendant alleges  that all of the acts

21    of defendant alleged by plaintiff in its complaint and each cause of action contained therein, were

22    justified and/or privileged.

23    14.    As and for a separate and distinct affirmative defense, this answering defendant alleges that

24    plaintiff failed to perform its obligations and accordingly, is not entitled to the relief sought in the

25    complaint.

26    15.    As and for a separate and distinct affirmative defense, this answering defendant alleges that this

27    answering defendant was excused from performing its obligations, if any, and accordingly, plaintiff

28    is not entitled to the relief sought in the complaint.

ANSWER TO COMPLAINT

16.    Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, defendant prays that plaintiff take nothing by its complaint or any of its causes of action on file herein, and that defendant have judgment against plaintiff and recover its costs of suit herein incurred, and for such other and further relief as the court may deem just and proper.

Dated: April 10, 2008

DIEMER, WHITMAN & CARDOSI, LLP

By: _____
Judith L. Whitman
Attorneys for Vassallo Tile, Marble & Granite